IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS CASTRO,

        Plaintiff,                     No. 2: 11-cv-2253 KJM KJN P

        vs.

BROCK RESSING, et al.,

        Defendants.              ORDER

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action filed pursuant to 42 U.S.C. § 1983. On July 13, 2012, defendants filed a summary judgment motion.

        In Woods v. Carey, __F.3d __, 2012 WL 2626912 (9th Cir., July 06, 2012 ), the Ninth Circuit decided that pro se prisoner plaintiffs must be provided notice of the requirements for opposing a motion for summary judgment "at the time the defendants' motions are filed." Woods, 2012 WL 2626912 at *1, *5, citing Rand v. Rowland, 154 F.3d 952, (9th Cir. 1998) (en banc); see also Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). The district court may provide such notice if defendants fail to do so. Woods, 2012 WL 2626912 at *5. When provided by defendant, the notification must be set forth in "a separate document, served with the moving papers, and state[] that the court has required that it be given." Rand, 154 F.3d at 960;

1

1   Woods, 2012 WL 2626912 at *4.  The Ninth Circuit held that these requirements apply to both

2   "pending and future cases."  Woods at *6.

3           In the present case, defendants' summary judgment motion contains a notice to

4   plaintiff regarding the requirements for opposing summary judgment.  (See Dkt. No. 31.)

5   However, this notice does not contain all of the information required by Woods.  Accordingly, by

6   this order, plaintiff is informed of the requirements for opposing defendants' summary judgment

7   motion.

8           For the foregoing reasons, IT IS HEREBY ORDERED that:

9           1. Plaintiff is hereby informed of the following requirements for opposing a

10  motion for summary judgment:

> Pursuant to Woods v. Carey, __F.3d __, 2012 WL 2626912 (9th Cir., July 06, 2012, Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the following requirements apply for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Such a motion is a request for an order for judgment in favor of the defendant without trial.  A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.
>
> To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.
>
> If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may

accept defendant's evidence as true and grant the motion. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. See Fed. R. Civ. P. 56(d).

If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(l).

If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant. In the present case, summary judgment for defendant would end the entire case.

2. Plaintiff's opposition to defendants' summary judgment motion is due within twenty-one days of the date of this order; defendants' may file a reply within seven days of filing of plaintiff's opposition.

DATED: July 18, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cas2253.rand