IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS CASTRO,

      Plaintiff,                              No. 2: 11-cv-2253 KJM KJN P

    vs.

BROCK RESSING, et al.,

      Defendants.                   FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On July 13, 2012, defendants filed a motion for summary judgment. (Dkt. No. 31.) On July 19, 2012, the court advised plaintiff of the requirements for opposing a summary judgment motion pursuant to Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012). (Dkt. No. 32.) In this order, the court granted plaintiff twenty-one days to file his opposition to defendants' summary judgment motion. (Id.) Twenty-one days passed and plaintiff did not file an opposition or otherwise respond to the July 19, 2012 order. Accordingly, on August 22, 2012, the court ordered plaintiff to show cause for his failure to file an opposition within twenty-one days. (Dkt. No. 33.) Twenty-one days passed and plaintiff did not respond to the August 22, 2012 order.

////

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for approximately one year and has reached the stage, set by the court's January 3, 2012 scheduling order, for resolution of dispositive motions. Plaintiff's failure to comply with the Local Rules and the court's July 19, 2012 and August 22, 2012 orders suggest that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to oppose the motion does not put defendants at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned. The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the

reasons set forth <u>supra</u>, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.  See <u>Ferdik</u>, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 21, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ca2253.dis